**INTEGON INDEM. CORP. v. FEDERATED MUT. INS. CO.**

[131 N.C. App. 323 (1998)]

INTEGON INDEMNITY CORPORATION, Plaintiff v. FEDERATED MUTUAL INSUR-
ANCE COMPANY, MONTGOMERY MOTORS, INC., JOSEPH BURGESS HARRIS,
AND PAUL RAY BRANSON, Defendants

No. COA98-117

(Filed 3 November 1998)

1. **Insurance— coverage—automobile loaned by garage—
driver both customer and employee—summary judgment
for garage insurer**

In a declaratory judgment action to determine insurance cov-
erage arising from an auto accident involving a Montgomery
Motors employee driving a loaner while his car was being
repaired, summary judgment was properly granted for
Montgomery Motors and Federated, its insurer, and against the
insurer of an employee, Integon, where the Federated policy cov-
ered employees but excluded customers. The employee was
billed for repairs to his vehicle and there was testimony that he
received the loaner because he was a customer; on the record, he
was a "customer" under the Federated policy.

2. **Insurance— automobile—loaner vehicle—driver both
employee and customer—policy not ambiguous**

The trial court did not err by not finding as a matter of law
that an insurance policy was ambiguous where defendant
Montgomery Motors had loaned an auto to an employee while
Montgomery was performing repairs on the employee's auto, for
which the employee paid; the employee became involved in an
accident while driving the loaner; and Montgomery's policy cov-
ered employees but not customers. Nothing in the policy requires
that an employee cannot be considered a customer for purposes
of determining insurance coverage.

Appeal by plaintiff from order entered 18 July 1997 by Judge
William C. Griffin, Jr. in Pitt County Superior Court. Heard in the
Court of Appeals 5 October 1998.

On 20 August 1994, defendant Paul Ray Branson was in an auto-
mobile accident with defendant Joseph Burgess Harris in Greenville,
North Carolina. At the time of the accident, Branson was driving a
used car owned by his employer, defendant Montgomery Motors, Inc.
("Montgomery Motors"). Branson's personal car was in the
Montgomery Motors repair shop and Montgomery Motors provided

Branson the Montgomery Motors' automobile on loan for his personal use. Montgomery Motors had a policy of loaning "vehicles without charge to good customers who need a vehicle for their personal use while their car is being serviced or repaired" in their shop. On the date of the accident, Branson had a personal automobile insurance policy with plaintiff Integon Indemnity Corporation ("Integon"). Defendant Montgomery Motors also had an automobile liability insurance policy in force and effect with defendant Federated Mutual Insurance Company ("Federated").

On 2 May 1995, defendant Burgess filed a tort action against defendant Branson seeking monetary damages for injuries sustained in the 20 August 1994 accident. That action is being defended on behalf of Branson by counsel employed by Integon under a reservation of rights pursuant to the terms of the Integon policy.

On 28 September 1995 Integon filed this declaratory judgment action seeking to determine whether it was required to provide Branson coverage for claims arising out of the 20 August 1994 accident. Defendants Federated and Montgomery Motors moved for summary judgment on 17 April 1997. Plaintiff Integon moved for summary judgment on 6 June 1997. On 18 July 1997 an order was entered granting Federated's and Montgomery Motors' motions for summary judgment and denying Integon's motion for summary judgment. Plaintiff appeals.

*Dunn, Dunn, Stoller & Pittman, LLP, by Anne D. Edwards, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Robert H. Sasser, III and Mark A. Davis, for defendant-appellees.*

EAGLES, Chief Judge.

[1] We first consider whether the trial court erred in granting summary judgment. Plaintiff contends that there was a genuine issue of material fact as to whether an employee getting his car repaired by his employer was a "customer" or an "employee" under the terms of the insurance policy at issue. Plaintiff argues that Branson was covered under the Federated policy if, at the time of the accident, he was an "employee" of Montgomery Motors and was using an auto owned by Montgomery Motors.

Defendants contend that Integon provides sole coverage because the Federated policy excludes "customers" from its definition of who

INTEGON INDEM. CORP. v. FEDERATED MUT. INS. CO.

[131 N.C. App. 323 (1998)]

is an "insured." Defendants contend that the policy further provides that the term "customers" includes "your employees . . . who pay for [repair] services performed." Defendants contend that the record and exhibits clearly demonstrate that Branson was a "customer" of Montgomery Motors when he was provided with the vehicle. Defendants cite the testimony of both Branson and Harold S. Asbill, the owner of Montgomery Motors, who testified that Branson received the vehicle because he was a "customer." Accordingly, defendants argue that Branson was not an "insured" under the Federated policy.

After careful review of the record, briefs and contentions of the parties, we affirm. The Federated policy states that "[w]e will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from 'garage operations' involving the ownership, maintenance or use of covered 'autos.' " It is undisputed that the automobile driven by Branson was a "covered auto" under the terms of the policy because the vehicle was owned by Montgomery Motors. Additionally, the "garage operations" definition was satisfied because of the "use" of a "covered auto." However, under the terms of the policy, Branson was not an insured because he was a "customer," and "customers" are excluded from coverage.

The term "customer" is not defined anywhere in the policy. While the section determining whether an auto is a "covered auto" states that "customers" include "your employees . . . who pay for [repair] services performed," this definition applies solely for the determination of whether an automobile left by an employee for service is a "covered auto" under the policy, and not whether the employee is a "customer" under the terms of the policy. Accordingly, since "customer" is not defined in the policy, the term "customer" should be defined by its ordinary meaning. *See McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 290, 444 S.E.2d 487, 491-92, *disc. rev. denied*, 337 N.C. App. 694, 448 S.E.2d 528 (1994) ("In the absence of policy definitions," the court should use a term in accordance with ordinary speech and is "encouraged to use 'standard, nonlegal dictionaries' as a guide."). Webster's Dictionary defines "customer" as "one that purchases a commodity or service." *Webster's Ninth New Collegiate Dictionary* 318 (1985). Branson was billed almost $800.00 for repairs made by Montgomery Motors during the time Branson had the loaner car. Both Branson and Asbill testified that Branson received the vehicle because he was a "customer" and not because he

INTEGON INDEM. CORP. v. FEDERATED MUT. INS. CO.

[131 N.C. App. 323 (1998)]

was an "employee." Accordingly, we hold that on this record Branson was a "customer" under the Federated policy. The assignment of error is overruled.

[2] We next consider whether the trial court erred by failing to find as a matter of law that the terms of the policy were ambiguous with regard to coverage for employees who also were customers. Plaintiff argues that the Federated policy contains conflicting provisions which provide an exception precluding coverage for "customers," while at the same time providing coverage for "employees" using covered vehicles with permission. Plaintiff contends that because of this ambiguity the policy must be interpreted to find coverage for the individual employee/customer. Additionally, plaintiff contends that the policy is ambiguous because there are no policy provisions requiring that an individual who is both a "customer" and an "employee" be treated as a "customer" only for the purposes of limiting coverage. Plaintiff argues that once the Federated policy conflict is resolved in favor of finding coverage for Branson, the terms of the Integon and Federated policies indicate that Federated provides primary coverage.

Defendants contend that there was no ambiguity and that the key provisions of the Federated policy are not in conflict. Defendants argue that although Branson was an "employee," he was a "customer" on this occasion. Defendants assert that there is no reason that a "customer," who happens to work for Montgomery Motors, should not fall within the "customer" exclusion.

We hold that the Federated policy is not ambiguous. Nothing in the policy requires that an "employee" cannot be considered a "customer" for purposes of determining insurance coverage. The policy clearly excludes coverage for "customers." Accordingly, because Branson acquired the car on loan because his own car was being repaired by Montgomery Motors, he was therefore a "customer" and not an "insured" under the Federated policy. The assignment of error is overruled and summary judgment is affirmed.

Affirmed.

Judges LEWIS and HUNTER concur.