STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY v. TRACEY L. SOUTHARD, BEVERLY RUSSELL, THE ESTATE OF DAVID MORSE, AND LUCILLE S. SHARAR

No. COA00-640

(Filed 19 June 2001)

### Insurance— homeowners policy—fire—resident

The trial court did not err by granting summary judgment in favor of plaintiff insurance company in its determination that decedent grandson was not a "resident" of his grandmother's house where a fire occurred and was thus not entitled to insurance coverage under a homeowners policy issued by plaintiff to defendant grandmother, because there was substantial evidence that the grandson was not a resident but instead a frequent visitor to his grandmother's home, including the facts that he did not make his home in that particular place, he did not live there permanently, nor did he stay there for an extended period of time.

Appeal by defendant from judgment entered 10 February 2000 by Judge L. Todd Burke in Surry County Superior Court. Heard in the Court of Appeals 29 March 2001.

*Wilson & Iseman by Urs. R. Gsteiger for plaintiff-appellee.*

*Pinto, Coates, Kyre & Brown by David L. Brown and John I. Malone for defendant-appellant.*

THOMAS, Judge.

Defendant Tracey L. Southard appeals from a grant of summary judgment in favor of plaintiff State Auto Property and Casualty Insurance Company. The primary issue here is whether David Morse was a "resident" and thus entitled to insurance coverage under a homeowners policy issued by plaintiff. For the reasons stated herein, we affirm the trial court.

The facts are as follows: Defendant owned a house in Surry County and rented it to defendant Beverly Russell (Russell). On 2 January 1998, David Morse was a guest there when the house caught on fire. Morse died from injuries sustained in the fire while the house itself was extensively damaged.

Subsequently, defendant filed a negligence action in *Southard v. Estate of David R. Morse* (file number: 98 CVS 977) against the estate of David Morse (the estate) alleging Morse proximately caused the fire. The estate made a demand for plaintiff to defend and provide coverage for the estate under a policy issued to Morse's grandmother, defendant Lucille Sharar (Sharar). Plaintiff denied coverage saying that Morse was not a resident of Sharar's household and therefore the homeowner's policy would not provide liability coverage for any negligent acts of Morse.

Plaintiff then filed this declaratory judgment action to determine whether the policy it issued to Sharar provides liability coverage for Morse.

As is customary, Sharar's policy covers "insureds" in such a situation. "Insureds" are defined in the policy as "you [Sharar] and residents of your household who are your relatives." It is not disputed that Morse was Sharar's grandson, thus meeting the requirement of being relatives, but there is a dispute as to whether Morse was a member of Sharar's household.

At the time of the fire, Morse did not own a home or rent an apartment. He was not living with his mother, Debra LaValley, at her residence. Sharar testified that Morse maintained a bed and clothes at her home and had his mail sent there. However, plaintiff contends testimony showed Morse in actuality did not have a specific residence anywhere. He did not have a key to Sharar's home and did not have a bedroom there. He did, however, sporadically sleep on a mattress on the living room floor. Morse's address for tax purposes, in fact, was Russell's residence, where the fire occurred, not his grandmother's. Before the fire, Morse had not slept at his grandmother's home in approximately ten days.

Plaintiff and defendant both moved for summary judgment with the trial court granting summary judgment for plaintiff while denying defendant's motion in an order filed 16 February 2000. Defendant, the owner of the damaged house, appeals this order.

For our purposes, we combine defendant's two assignments of error which are, respectively, 1) the trial court erred in denying her motion for summary judgment where all of the evidence indicated Morse was a resident of Sharar's household; and 2) the trial court erred in granting summary judgment for the plaintiff where genuine issues of material fact existed as to whether Morse was a resident

of Sharar's household. We find inadequate merit in defendant's arguments.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2000). An issue is genuine if it can be maintained by substantial evidence. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E.2d 897 (1972). In the instant case, the pivotal query is whether Morse was a resident of Sharar's household.

"Resident" is not defined in the insurance policy at issue, thus we apply its ordinary meaning. *Integon Indemnity Corp. v. Federated Mut. Ins. Co.*, 131 N.C. App. 323, 507 S.E.2d 53 (1998). "Resident" is defined as "one who makes his home in a particular place." American Heritage Dictionary 1051 (2d ed. 1985). "Reside" is defined as "to live in a place for an extended or permanent period of time." *Id.* Therefore, the question here is whether there is evidence Morse lived at Sharar's home permanently or, at least, for an extended period of time.

In Sharar's deposition, there was evidence presented that Morse was indeed a resident of Sharar's home. He had a bed there as well as a dresser full of his clothes located in Sharar's kitchen. Morse used Sharar's home as his mailing address and kept a toothbrush there.

Nevertheless, Sharar also testified that Morse was a "wanderer" and usually spent the night wherever he happened to be when he became sleepy. He actually carried a backpack with a change of clothing and toiletries for this reason and did not have a key to Sharar's home. Morse did not have a permanent bedroom there and when he did spend the night at Sharar's, he almost always slept on the sofa in the living room. A bed was purchased for him, but he only slept in it once before he died. Sharar further testified that Morse never stayed with her for more than three nights in a row. He did not pay rent or any other expenses at the Sharar home. For tax purposes, Morse used Russell's home address. The previous apartment of Morse's mother was listed as his address with the N.C. Department of Motor Vehicles.

In addition, in plaintiff's complaint, it states in paragraph ten, "Plaintiff contends that defendants Southard, Russell and the Estate

of David Morse are not entitled to coverage under the terms of the policy at issue since Morse was not a resident of the household of Sharar[.]" In her handwritten answer, Sharar wrote in her corresponding paragraph ten, "~~deny~~ admit *We are currently unaware of the plaintiff's contentions. This is the first official notice of such claims that we have received." It is not clear whether Sharar was admitting the allegation or admitting that plaintiff had such a contention. However, notwithstanding Sharar's answer, we find there is substantial evidence that Morse was not a resident, but rather a frequent visitor to Sharar's home. He did not make his home in that particular place, live there permanently, or even stay there for an extended period of time. Accordingly, we reject defendants' assignments of error and affirm the trial court's denial of summary judgment for defendant and grant of summary judgment in favor of plaintiff.

AFFIRMED.

Judges MARTIN and BIGGS concur.